J-S21025-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT HUFF | : | |
| | : | |
| Appellant | : | No. 3136 EDA 2019 |

Appeal from the Judgment of Sentence Entered October 4, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000615-2017

BEFORE:   BOWES, J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.:                    Filed: September 30, 2021

Appellant, Robert Huff, appeals from the judgment of sentence entered on October 4, 2019, following his jury trial convictions for aggravated assault, conspiracy to commit murder, and conspiracy to commit aggravated assault.[1] We affirm.

We briefly summarize the facts and procedural history of this case as follows.  On December 5, 2016, D.T.,[2] a seventeen-year-old male, agreed to sell $5,500.00 worth of crystal methamphetamine to a buyer in Morrisville, Pennsylvania on behalf of Appellant.  During the exchange, however, the buyer absconded with the narcotics without paying for them, later claiming

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2702(a)(1) (aggravated assault) and 903 (conspiracy).

[2] We use the minor victim's initials to protect his identity.

that the drugs weighed less than the previously agreed upon amount. Thereafter, Appellant's co-defendant shot the victim in the hip, finger, and back of the head. The victim ultimately survived and told police what transpired. On December 15, 2016, the Commonwealth charged Appellant with the aforesaid crimes, as well as attempted murder and possession of an instrument of crime (PIC).[3] On April 13, 2018, a jury found Appellant not guilty of attempted murder and PIC, but deadlocked on the remaining charges. The trial court declared a mistrial. On April 15, 2019, the Commonwealth retried Appellant on the aggravated assault and two conspiracy charges. On April 22, 2019, the jury found Appellant guilty of the aforementioned offenses. On October 4, 2019, the trial court sentenced Appellant to an aggregate term of 15 to 30 years of imprisonment.[4] This timely appeal resulted.[5]

---

[3] 18 Pa.C.S.A. §§ 901 (criminal attempt) and 907 (PIC).

[4] The trial court imposed two, consecutive terms of seven-and-one-half to 15 years of imprisonment for aggravated assault and conspiracy to commit murder. The conspiracy to commit aggravated assault conviction merged for sentencing purposes.

[5] Appellant filed a post-sentence motion October 10, 2019, which the trial court denied by order entered on October 25, 2019. On November 1, 2019, Appellant filed a notice of appeal. On November 4, 2019, the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely on November 12, 2019. On February 12, 2020, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).

On appeal, Appellant presents a sole issue[6] for our review:

I.      Did the trial court abuse its discretion in denying Appellant's motion for a mistrial following the Commonwealth's prosecutorial misconduct during closing arguments?

Appellant's Brief at 2.

Appellant claims that "[t]he trial court erred in denying Appellant's motion for a mistrial based on [] prosecutorial misconduct during closing arguments where the Commonwealth thrice asked the jury to infer Appellant's prior bad acts."  *Id.* at 4 (record citations omitted).  Appellant challenges the following statements made by the Commonwealth during closing arguments:

> The question is why did [the co-defendant] shoot [the victim], and the answer to that question is because he screwed [Appellant]. [Appellant] took a loss.  [There is a] theme about taking an L or taking a loss, and it was the [Appellant's] loss. He lost money and he lost his reputation.[7]

> *              *              *

> So[,] in the drug game if you burn somebody, you know, you might get killed like [the victim]. The problem with that is that's not real life. The law says that you can't do that. So just because [the victim] made [Appellant] take a loss, that doesn't mean that he can order that [the victim] be shot in the back of the head. Talk about corroboration, [the co-defendant] tried to shoot [the victim] in the face, but [the victim] put his hand [up].[8]

---

[6]  Appellant raised additional issues in his Rule 1925(b) statement, but he has abandoned them on appeal.  ***See Commonwealth v. Heggins***, 809 A.2d 908, 912 n.1 (Pa. Super. 2002) (citation omitted) ("[A]n issue identified on appeal but not developed in the appellant's brief is abandoned and, therefore, waived.").

[7]  N.T., 4/18/2019, at 161.

[8]  N.T., 4/18/2019, at 163-164.

*          *          *

Not only did [Appellant] not make money, but he looked like a loser because he took a loss. […W]hen you take a loss, you've got to keep your dignity, just move on.[9]

*          *          *

[The Commonwealth is] not trying to create smoke and mirrors. [The Commonwealth is] trying to prove the case, but use your common sense. Don't lose sight of who is on trial and what they are on trial for. No, [Appellant is] not on trial for being a drug dealer or selling drugs.  [The Commonwealth does not] like to label [a person] a drug dealer.  At some point in his life [Appellant] decided to sell drugs.  It's a different game, it's a different world, and in that world when you get burned and you take a loss, you make a decision.[10]

*          *          *

[The prosecutor stated that she researched the term "taking an L"] because [she] heard it a lot on the radio and sports radio[.] […She explained as follows].  You go to a game and you either win or you lose, right?  You're on a soccer team.  You either win or you lose, football team or whatever. 0 to 1, 0 is the loser. In this sense, taking the loss means you've already been burned. You've already been licked and now it's up to you. Are you going to take it or are you going to do something about it?  […I]n this situation [Appellant] wasn't willing to take it. [The Commonwealth argued it did not] know how many [losses Appellant] took before this [and did not] know if [Appellant] had had it.[11]

Appellant's Brief at 5-6.

Appellant claims it was improper and an ethical violation, for the

Commonwealth to make references to matters which were not in evidence or

---

[9]  N.T., 4/18/2019, at 171.

[10] N.T., 4/18/2019, at 175.

[11] N.T., 4/18/2019, at 178-179.

supported by inferences to be drawn from the evidence. *Id.* at 6-7. In sum, Appellant argues that the Commonwealth's "comments were impermissible references to prior bad acts by Appellant" and posits:

> [The Commonwealth] told the jury that taking a loss in the drug game could lead to getting killed, then suggested to the jury that this was not Appellant's first time taking a loss. This created the inference that Appellant previously engaged in violent retaliatory behavior for taking previous losses in the drug game, which was not supported by the record. This inference is not a mere passing reference to being in the drug game, but implied prior violence at Appellant's behest. [The Commonwealth's] comments were in violation of the prohibition of prior bad acts evidence [pursuant to] Pa.R.E. 404.
>
> There was no evidence on the record to support [the Commonwealth's] closing arguments regarding ["]taking an L["] and its implications.

*Id.* at 8-9 (record citations omitted). Moreover, Appellant claims that despite his concession at trial that he was a drug dealer, "a curative instruction would have been insufficient to cure the taint of framing Appellant as a violent drug dealer." *Id.* at 10. As such, Appellant argues that the trial court should have declared a mistrial. *Id.*

This Court adheres to the following standards of review:

> In criminal trials, declaration of a mistrial serves to eliminate the negative effect wrought upon a defendant when prejudicial elements are injected into the case or otherwise discovered at trial. By nullifying the tainted process of the former trial and allowing a new trial to convene, declaration of a mistrial serves not only the defendant's interest but, equally important, the public's interest in fair trials designed to end in just judgments. Accordingly, the trial court is vested with discretion to grant a mistrial whenever the alleged prejudicial event may reasonably be said to deprive the defendant of a fair and impartial trial. In making its

determination, the court must discern whether misconduct or prejudicial error actually occurred, and if so, ... assess the degree of any resulting prejudice. Our review of the resulting order is constrained to determining whether the court abused its discretion. Judicial discretion requires action in conformity with [the] law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason.

*Commonwealth v. Lettau*, 955 A.2d 360, 363 (Pa. Super. 2008), *reversed on other grounds*, 986 A.2d 114 (Pa. 2009) (citations, quotations, and quotation marks omitted).

Moreover, with specific reference to a claim of prosecutorial misconduct in a closing statement, it is well settled that any challenged prosecutorial comment must not be viewed in isolation, but rather must be considered in the context in which it was offered. *Commonwealth v. Correa*, 664 A.2d 607 (Pa. Super. 1995). Our review of a prosecutor's comment and an allegation of prosecutorial misconduct requires us to evaluate whether a defendant received a fair trial, not a perfect trial. *Commonwealth v. Rios*, 721 A.2d 1049 (Pa. 1998). Thus, it is well settled that statements made by the prosecutor to the jury during closing argument will not form the basis for granting a new trial "unless the unavoidable effect of such comments would be to prejudice the jury, forming in their minds fixed bias and hostility toward the defendant so they could not weigh the evidence objectively and render a true verdict." *Commonwealth v. Fletcher*, 861 A.2d 898, 916 (Pa. 2004) (quotation and quotation marks omitted). The appellate courts have recognized that not every unwise remark by an attorney amounts to misconduct or warrants the grant of a new trial. *Commonwealth v. Faulkner*, 595 A.2d 28 (Pa. 1991). Additionally, like the defense, the prosecution is accorded reasonable latitude, may employ oratorical flair in arguing its version of the case to the jury, and may advance arguments supported by the evidence or use inferences that can reasonably be derived therefrom. *Commonwealth v. Carson*, 913 A.2d 220 (Pa. 2006); *Commonwealth v. Holley*, 945 A.2d 241 (Pa. Super. 2008). Moreover, the prosecutor is permitted to fairly respond to points made in the defense's closing, and therefore, a proper examination of a prosecutor's comments in closing requires review

of the arguments advanced by the defense in summation. ***Commonwealth v. Chmiel***, 585 Pa. 547, 889 A.2d 501 (2005).

***Commonwealth v. Jaynes***, 135 A.3d 606, 614–615 (Pa. Super. 2016).

Here, the trial court determined that the above-mentioned closing statements by the Commonwealth "did not constitute prosecutorial misconduct." Trial Court Opinion, 2/12/2020, at 16. More specifically, the trial court concluded that "[t]he comments at issue do not specifically infer any previous criminal conduct nor do they reference any specific acts." ***Id.*** Furthermore, the trial court recognized that, during closing arguments, Appellant "stipulated that [he] was a drug dealer and that the case was about a drug deal gone wrong." ***Id.*** Finally, the trial court noted that the jury was issued cautionary instructions before closing arguments and, again, before deliberations, that counsel's arguments were not to be considered as evidence. ***Id.*** at 15.

Upon review, we discern no abuse of discretion in ruling on Appellant's claim of prosecutorial misconduct and conclude the trial court did not err by failing to grant a mistrial. Initially, we note and as the trial court acknowledged, Appellant conceded that he was a drug dealer during his closing argument:

> I submit to you the only thing the Commonwealth has proven with all of this testimony is that my client was a drug dealer. I will stipulate to that the way I'm stipulating to the evidence that was recovered yesterday as much as we can to try to get through this. That's not at issue here. No one is contending that this was not a drug deal that somehow went bad.

N.T., 4/18/2019, at 150; *see also* N.T., 4/18/2019, at 156 ("Yeah, they were involved in drug dealing. That's not the question here."); *see also* Appellant's Brief at 10 ("[t]he defense conceded Appellant was a drug dealer"). Accordingly, the Commonwealth's closing argument was a fair response to or reasonable inference drawn from Appellant's closing remark, did not reference any specific prior bad acts by Appellant, and merely postulated a plausible motive for the crimes at issue.[12]

Moreover, the trial court issued the following instruction to the jury prior to closing arguments:

> Ladies and gentlemen of the jury, you have now heard all the evidence that is to be presented in this case. The next step is for counsel to give you their closing arguments. Even though these arguments do not constitute evidence, you should consider them very carefully. In their arguments counsel will call your attention to evidence that they consider important and ask you to draw certain inferences from that evidence. Please keep in mind, however, that you are not bound by their recollections of the evidence. It is your recollection of the evidence and yours alone that must guide your deliberations. If there is a discrepancy between counsel's recollection and your recollection, you are bound by your own recollection, nor are you limited in your consideration of the evidence to that which is mentioned by counsel. You must consider all the evidence that you consider important to the issues involved.

N.T., 4/18/2019, at 148-149.

Subsequently, after closing arguments and before jury deliberation, the trial court issued the following jury instruction:

---

[12] We also conclude that the prosecutor's references to "taking an L" and related comments constituted permissible oratorical flair in presenting the Commonwealth's closing arguments to the jury.

It is my responsibility to decide all questions of law. You must accept and follow my rulings on matters of law. I am not, however, the judge of the facts. It is not for me to decide what are the true facts concerning the charges against the defendant. You, the jury, are the sole and only judges of the facts. It is your responsibility to weigh the evidence and based on that evidence and the logical inferences that flow from that evidence to find the facts, to apply the rules of law that I give you to the facts as you find them, and then decide whether the defendant has been proven guilty of any of the charges.

In determining the facts you may only consider the evidence that has been presented in court and the logical inferences that are derived from that evidence. You are not to rely upon supposition or guess on any matters that are not in evidence. You should not regard as true any evidence that you find to be incredible, that is unbelievable, even if it is uncontradicted.

Your determination of the facts should not be based on empathy or prejudice against the defendant for the crime, nor on which attorney made a better speech, nor on which attorney you like better.

In my instructions, I might refer to some particular evidence, but if I do so it would only be to a very limited extent. You are not to conclude that any evidence that I do call your attention to or which counsel called your attention to is the only evidence that you should consider. Rather, it is your responsibility to consider all the evidence that you believe important in deliberating upon your verdict.

Moreover, it is your recollection of the evidence and yours alone that governs your deliberations. You are not bound by my recollections, nor by the recollections of counsel in their arguments to you.

*Id.* at 181-182. We presume the jury followed the trial court's instructions.

*See Commonwealth v. Cash*, 137 A.3d 1262, 1280 (Pa. 2016).

Additionally, Appellant does not argue or proffer evidence that the jury somehow failed to follow the trial court's instructions.

Hence, based upon all of the foregoing, we conclude that the aforementioned closing comments by the Commonwealth did not have the unavoidable effect of prejudicing the jury, so they could not weigh the evidence objectively and render a true verdict. As such, Appellant is not entitled to relief.

Judgment affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/30/21